**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RICHARD DEWRAY HACKFORD,

     Plaintiff - Appellant,

v.

STATE OF UTAH; GARY HERBERT;
SEAN D. REYES; JEANNINE
STRASBURG; BRAD DRAPER; TOM
KOSMACK; JOEL D. BERRETT; MIKE
KENDALL; DUCHESNE COUNTY;
UINTAH COUNTY; VERNAL CITY;
ROOSEVELT CITY; PETE BUTCHER;
JOE MOYNIER; SPLIT MOUNTAIN
YOUTH CENTER; THE CORPORATION
OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS; UTE INDIAN TRIBE,

     Defendants - Appellees.

No. 15-4106
(D.C. No. 2:14-CV-00872-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

_____

   [*] After examining the appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Richard Dewray Hackford, pro se, appeals the district court's order dismissing his claims. Hackford's brief does not adequately present an argument that the district court erred, so we affirm.

Hackford sued the State of Utah and various others in an effort to compel the United States Secretary of the Interior to revisit certain actions taken under the 1954 Ute Partition and Termination Act, 25 U.S.C. §§ 677-677aa.[1] Upon a magistrate's recommendation to dismiss the action for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the district court issued a detailed order dismissing some of Hackford's claims with prejudice and some without prejudice. The court explained the deficiencies of the claims it dismissed without prejudice and gave Hackford thirty days to amend them. Hackford appealed before the thirty days had passed, but his appeal was quickly dismissed for lack of a final decision. *See Hackford v. Utah*, No. 15-4090, Order at 2-3 (10th Cir. July 13, 2015). When Hackford failed to amend his remaining claims, the district court dismissed them with prejudice. Hackford now appeals that order.

Hackford does not have a lawyer, so we construe his arguments liberally and hold his brief to a less stringent standard than those drafted by attorneys. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we cannot search the record and create arguments for him. *Id*. Instead, Hackford must follow the same rules of procedure that govern all litigants. *See id*. And as with any

---

[1] As the district court correctly noted, Hackford failed to name the Secretary of the Interior as a defendant.

2

litigant, we will decline to consider arguments Hackford does not adequately present in his brief. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

Hackford does not advance a reasoned argument in his brief that the district court erred by dismissing his claims. Instead, he simply repeats many of the conclusory allegations in his amended complaint and asks this court for similar relief. Moreover, Hackford has failed to comply with Rule 28, which applies equally to pro se litigants, because he does not direct us to the relevant parts of the record, cite legal authority, state the applicable standard of review, or explain the basis for this court's jurisdiction. *See* Fed. R. App. P. 28(a); *Garrett*, 425 F.3d at 841 (stating "Rule 28 . . . applies equally to pro se litigants" (internal quotation marks omitted)).

In short, Hackford has forfeited any argument that the district court erred by failing to adequately present it in his brief. *See Bronson*, 500 F.3d at 1105 (appellants forfeited an argument by failing to adequately present it in their opening brief). We therefore affirm the district court's order of dismissal.

Entered for the Court

Bobby R. Baldock
Circuit Judge

3